**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**THADDEUS M. McKINNON,**

    Petitioner,

vs.                                           Case No. 4:11cv469-MW/CAS

**MICHAEL D. CREWS, Secretary,
Florida Department of Corrections,**[1]

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On September 12, 2011, Petitioner Thaddeus M. McKinnon, proceeding pro se, filed a petition for writ of habeas corpus, with exhibits, pursuant to 28 U.S.C. § 2254. Doc. 1. On June 1, 2012, Respondent filed an answer, with exhibits. Doc. 17. Petitioner filed a reply on October 17, 2012, with "points and authorities in support." Docs. 26 and 27.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida

---

[1]The Clerk of Court shall substitute Michael D. Crews as Secretary of the Florida Department of Corrections in place of Kenneth S. Tucker. Michael D. Crews became Secretary on December 17, 2012, and shall be automatically substituted pursuant to Federal Rule of Civil Procedure 25(d).

Local Rule 72.2(B). After careful consideration of all issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts. For the reasons stated herein, the pleadings and attachments before the Court show that Petitioner is not entitled to federal habeas relief, and the § 2254 petition should be denied.

## State Court Proceedings

By amended information filed in the Second Judicial Circuit, Jefferson County, in case number 09-006-CFA, the State of Florida charged Petitioner McKinnon with three counts, in connection with events that took place on January 7, 2009: (1) possession of a firearm by a convicted felon, a second degree felony, in violation of sections 790.23(1)(a) and 775.087, Florida Statutes; (2) shooting a firearm into or within a building, a second degree felony, in violation of section 790.19, Florida Statutes; and (3) using a firearm while under the influence, a second degree misdemeanor, in violation of section 790.151, Florida Statutes. Doc. 17 Exs. H (amended information filed June 23, 2009); F (original information filed February 3, 2009). On June 22, 2009, McKinnon entered a "straight up" nolo contendere plea to all counts, as charged, with sentencing deferred. *Id.* Ex. I at 5-10 (transcript of plea hearing). On July 27, 2009, the state trial court sentenced McKinnon to ten (10) years in prison on the first count, with a three-year minimum mandatory term for actual possession of a firearm; ten (10) years in prison on the second count, to run concurrent to the sentence on Count 1, with credit for 111 days time served; and time served on the third count. *Id.* Exs. J, K.

McKinnon appealed his judgment and sentence to the First District Court of Appeal (DCA), assigned case number 1D09-4215.  *See* Doc. 17 Exs. L, M.  McKinnon's appellate attorney filed an <u>Anders</u> brief.[2]  *Id*. Ex. M.  The First DCA granted McKinnon leave to file a pro se initial brief and, thereafter, granted McKinnon leave to file a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) in the state trial court.  *Id*. Exs. N, O, P.

McKinnon then filed his pro se Rule 3.800(b)(2) motion in the Jefferson County Circuit Court, alleging two claims of sentencing error.  *Id*. Ex. Q.  He subsequently filed an amended motion, including a third claim of sentencing error.  *Id*. Ex. R.  By order rendered August 31, 2010, the state trial court summarily denied the amended motion.  *Id*. Ex. S.  McKinnon sought rehearing, which the court denied.  *Id*. Exs. T, U.

On September 21, 2010, McKinnon filed a pro se motion in the state trial court pursuant to Florida Rule of Criminal Procedure 3.850.  *Id*. Ex. Z.  By order rendered December 20, 2010, the trial court dismissed the Rule 3.850 motion for lack of jurisdiction because McKinnon still had his direct appeal pending in the First DCA.  *Id*. Ex. AA.

McKinnon then filed his pro se initial brief in his direct appeal in the First DCA and raised eight points:

> (1) Whether the trial court committed fundamental error when Judge Plaines failed to disqualify himself based on ex parte communication with arresting Officer Barfield.

---

[2]<u>Anders v. California</u>, 386 U.S. 738 (1967).

(2) Whether the trial court committed fundamental error by failing to conduct a Richardson hearing once the evidence became apparent the State committed a discovery violation.

(3) Whether the trial court committed fundamental error by failing to obtain a psychological evaluation and conduct a competency hearing as ordered by Judge Plaines.

(4) Whether the trial court committed fundamental error by violating the Defendant's Fourth, Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution based on a violation of the Miranda warning.[3]

(5) Whether the trial court's oral pronouncement imposing a general sentence is a fundamental sentencing error that precludes the imposition of any general sentence and thus the ten years' prison term now imposed is patently illegal as a matter of law.

(6) Whether the trial court committed fundamental error by imposing an illegal sentence as a mater of law "enticed the court to enter oral adjudication of guilt to now support the court impose sentence for the charged offense in open court."

(7) Whether the trial court committed "fundamental error by imposing three years minimum mandatory sentence is illegal as a matter of law entitled to correction as authorized by law."

(8) Whether the Information charging Defendant failed to charge a crime against Defendant "constitutes fundamental error and denial of due process of law."

*Id.* Ex. V at 2-4.  The First DCA affirmed the case per curiam without an opinion on May 9, 2011.  *Id.* Ex. W; *see* McKinnon v. State, 63 So. 3d 756 (Fla. 1st DCA 2011) (table). McKinnon filed a pro se motion for rehearing and rehearing en banc, which the First DCA denied by order on June 22, 2011.  Doc. 17 Ex. X.  The mandate issued July 8, 2011.  *Id.* Ex. Y.

---

[3]Miranda v. Arizona, 384 U.S. 436 (1966).

As indicated above, on September 12, 2011, McKinnon filed a timely § 2254 petition in this Court. Doc. 1. Respondent has filed a response, with exhibits, Doc. 17, and McKinnon has filed a reply, Doc. 26, with "points and authorities" in support, Doc. 27.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody. Section 2254(d) provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). See Williams v. Taylor, 529 U.S. 362 (2000); Gill v. Mecusker, 633 F.3d 1272 (11th Cir. 2011).

If a state prisoner's habeas petition "includes a claim that has been 'adjudicated on the merits in State court proceedings,' § 2254(d), an additional restriction applies." Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011). The federal court may not grant relief unless the state court's adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal

law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d).  "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'"  Cullen, 131 S.Ct. at 1398 (quoting Harrington v. Richter, 131 S.Ct. 770, 786 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).  This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits."  Cullen, 131 S.Ct. at 1388.

> In this case, in his § 2254 petition, McKinnon raises eight grounds:
>
> (1) The state trial court committed fundamental error when Judge Plaines failed to disqualify himself based on an ex parte communication with the arresting officer, Deputy Barfield.  Doc. 1 at 4;
>
> (2) The state trial court committed fundamental error by failing to conduct a hearing pursuant to Richardson v. State, 246 So. 2d 771 (Fla. 1971), once it became apparent the State had committed a discovery violation. *Id.* at 5;
>
> (3) The state trial court committed fundamental error by failing to obtain a psychological evaluation and conduct a competency hearing as ordered by Judge Plaines.  *Id.*;
>
> (4) Petitioner's Fifth, Sixth, and Fourteenth Amendment rights were violated based on a Miranda warning violation.  *Id.* at 6;
>
> (5) The state trial court's oral pronouncement, on July 27, 2009, imposed a general sentence and failed to orally adjudicate Petitioner guilty of Count 1, Count 2, and Count 3.  *Id.*;
>
> (6) The state trial court's adjudication of guilt does not support the imposed sentence.  *Id.*;

(7) The Petitioner's minimum mandatory sentence is illegal as a matter of law. *Id.* at 7;

(8) The Information charging Petitioner failed to charge a crime against Petitioner because it did not include his name within each individual count. *Id.*; Doc. 2 at 13-15.

Respondent asserts that five of these grounds – Grounds 1, 2, 3, 4, and 8 – are barred in federal habeas for failure to exhaust because McKinnon did not present them to the state court in a manner in which the merits would have been considered. Doc. 17 at 8-10. Respondent asserts the only claims Petitioner presented to the state courts are those contained in Grounds 5, 6, and 7, relating to the imposition of his sentence. *Id.* at 9-10.

As Respondent points out, Petitioner entered his state court nolo contendere plea without reserving the right to appeal any issue and at no time did Petitioner move to withdraw his plea. *See* Doc. 17 Exs. A, I, J; *see also* Robinson v. State, 373 So. 2d 898 (Fla. 1979) (holding that defendant who pleads guilty or nolo contendere without reserving right to appeal specific issue may challenge on appeal only following issues: (1) subject matter jurisdiction; (2) illegality of sentence; (3) failure of government to abide by plea agreement; and (4) voluntary and intelligent nature of plea). The Anders brief filed by Petitioner's attorney in the direct appeal indicated no issue of arguable merit existed. The First DCA per curiam affirmed the judgment and sentence with no written opinion. That court is presumed to have applied Florida's procedural rule precluding an appeal following entry of a plea unless an issue was specifically reserved for appeal. *See* Thomas v. Sec'y, Dep't of Corr., No. 8:08cv104-T-23AEP, 2010 WL

5057275 at *3 (M.D. Fla. Dec. 6, 2010) (citing Bennett v. Fortner, 863 F.2d 804, 807 (11th Cir. 1989) ("[W]hen a procedural default is asserted on appeal and the state appellate court has not clearly indicated that in affirming it is reaching the merits, the state court's opinion is based on the procedural default.")).

For federal habeas purposes, a nolo contendere plea is treated the same as a guilty plea. *See* North Carolina v. Alford, 400 U.S. 25, 35-37 (1970); *see also, e.g.*, Florida v. Royer, 460 U.S. 491, 495 n.5 (1983) (noting that, under Florida law, "a plea of nolo contendere is equivalent to a plea of guilty"). "If a prisoner pleads guilty on the advice of counsel, he must demonstrate that the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" Tollett v. Henderson, 411 U.S. 258, 266 (1973) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)); *see, e.g.*, Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992) ("A knowing and voluntary guilty plea waives all constitutional challenges to a conviction."). A defendant who enters a plea may not raise claims relating to alleged deprivations of constitutional rights that occurred prior to entry of the plea, but rather such a defendant may only attack the voluntariness of the plea by showing counsel's advice fell below the McMann standard:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standard set forth in McMann.

Tollett, 411 U.S. at 267. The U.S. Supreme Court has further explained:

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

United States v. Broce, 488 U.S. 563, 569 (1989); see Mabry v. Johnson, 467 U.S. 504, 508 (1984) ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."); Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant, his lawyer, and the prosecutor at [the plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."). The Court indicated exceptions to this general rule exist "where on the face of the record the court had no power to inter the conviction or impose the sentence." Broce, 488 U.S. at 569; see Blackledge v. Perry, 417 U.S. 21, 30-31 (1974) (holding that guilty plea did not foreclose collateral challenge where, pursuant to state court procedures, defendant was tried in county court without jury on misdemeanor charge and permitted, after conviction, to appeal and obtain trial de novo, and after defendant filed appeal, prosecutor obtained indictment charging felony assault with deadly weapon with intent to kill and inflict serious bodily injury, and

defendant then entered plea: "[T]he potential for prosecutorial vindictiveness against those who seek to exercise their right to appeal raised sufficiently serious due process concerns to require a rule forbidding the State to bring more serious charges against defendants in that position. The plea of guilty did not foreclose a subsequent challenge because .. . , unlike in . . . Tollett, the defendant's right was 'the right not to be haled into court at all upon the felony charge. The very initiation of proceedings against him . . . thus operated to deny him due process of law.'"); Menna v. New York, 423 U.S. 61, 62-63 and n.2 (1975) (holding that guilty plea did not foreclose collateral challenge where defendant, after grant of immunity, refused to obey court order to testify before grand jury, was adjudicated in contempt of court and served term in civil jail, and then was indicted for same refusal to answer questions, to which he plead guilty and appealed on double jeopardy grounds: "Where the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty. . . . We do not hold that a double jeopardy claim may never be waived. We simply hold that a plea of guilty to a charge does not waive a claim that – judged on its face – the charge is one which the State may not constitutionally prosecute."). *See also* Broce, 488 U.S. at 575 (explaining that "[i]n neither Blackledge nor Menna did the defendants seek further proceedings at which to expand the record with new evidence" and both "could be (and ultimately were) resolved without any need to venture beyond that record" whereas defendants in Broce "pleaded guilty to indictments that on their face described separate conspiracies" and they "cannot prove

their [double jeopardy] claim by relying on those indictments and the existing record" nor can they "prove their claim without contradicting those indictments, and that opportunity is foreclosed by the admissions inherent in their guilty pleas").

In this case the transcript of the plea hearing reflects that McKinnon entered his nolo contendere plea knowingly and willfully with the advice of counsel, and he does not specifically contend otherwise in this proceeding. *See* Doc. 17 Ex. I at 5-10 (transcript of plea hearing). Accordingly, his plea forecloses consideration of Grounds 1, 2, 3, 4, and 8 raised in this § 2254 proceeding as those claims concern non-jurisdictional pre-plea events. *See, e.g.*, Stewart v. Tucker, No. 3:09cv452-LAC/EMT, 2011 WL 5983944 at *9 (N.D. Fla. Nov. 16, 2011) ("A voluntary and intelligent guilty plea forecloses federal collateral review of alleged constitutional errors preceding the entry of the plea. Non-jurisdictional defects that are waived by an unconditional plea of guilty include constitutional challenges that do not implicate the knowing and voluntary nature of the plea." (citations omitted)); Hill v. Sec'y, Dep't of Corr., No. 8:08cv1294-T-17MAP, 2009 WL 3852913 at *4 (M.D. Fla. Nov. 18, 2009) ("It is well-established state and federal law that guilty or nolo contendere pleas waive all but jurisdictional claims up to the time of the plea.").

As to the remaining grounds, Grounds 5, 6, and 7, Respondent asserts McKinnon presented these arguments to the state court in his Rule 3.800(b)(2) motion, which the state court denied on the basis of state law. Doc. 17 at 34-35 (Ground 5), 45-47 (Ground 6), 47-48 (Ground 7). Respondent argues that, because Petitioner presented these grounds only as state law claims, they are unexhausted as federal

claims and not appropriate for federal habeas relief.  Each of these claims is addressed below.

### Ground 5: State Trial Court Orally Imposed General Sentence and Failed to Orally Adjudicate Petitioner Guilty of Counts

In this ground, McKinnon asserts the record reflects the state trial judge, on July 27, 2009, failed to orally adjudicate him guilty of possession of a firearm by a convicted felon (Count 1), shooting into or within a building (Count 2), and using a firearm while under the influence (Count 3).  Doc. 1 at 6.  Respondent indicates McKinnon presented a similar claim to the state courts, solely as a matter of state law.  Doc. 17 at 34.

As Respondent indicates, McKinnon raised the same or similar argument as the first ground in his amended Rule 3.800 motion.  *See* Doc. 17 Ex. R at 12-14.  The state trial court denied the claim, making the following findings:

> Defendant first alleges his sentence is illegal because the Court orally pronounced a "general sentence" of a 10-year prison term with three years mandatory minimum to cover his convictions for possession of a firearm by a convicted felon, shooting into or within a building, and using firearm while under the influence.  Defendant is correct that general sentences imposing a single sentence for multiple counts are improper.  Lemoine v. State, 898 So. 2d 1158, 1159 (Fla. 5th DCA 2005).  However, the record shows that the Court did not impose a general sentence, but rather imposed separate sentences for each count.
>
> At sentencing, the Court discussed the fact that Defendant was facing up to two consecutive 15-year sentences and therefore could possible receive a sentence of 30 years, referring to the two second degree felonies, count 1 and count 2.  *Exh. - 7/27/09 Sent. Trans., p. 67*.  The Court stated Defendant was sentenced to 10 years DOC with three years mandatory minimum, and confirmed that each of the two counts were to run concurrently, meaning each of the two 10-year sentences.  *Id*.  The Court then sentenced Defendant to time served on count 3, the misdemeanor.  *Id*.  The written sentence is consistent with the orally

>     imposed sentence in imposing three separate sentences.  *Exh. 1*.  Ground
>     One is denied.

*Id.* Ex. S at 21-22.  This ruling, affirmed on appeal without opinion, is entitled to deference and review is limited to the record before the state court.  See <u>Cullen</u>, 131 S.Ct. at 1388.

As Respondent asserts, McKinnon presented this only as a state law claim and thus any federal claim is not exhausted.  "[F]ederal habeas corpus relief does not lie for errors of state law." <u>Lewis v. Jeffers</u>, 497 U.S. 764, 780 (1990); *see* <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991) (explaining that errors that do not infringe on defendant's constitutional rights provide no basis for federal habeas corpus relief).  "A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." <u>Carrizales v. Wainwright</u>, 699 F.2d 1053, 1055 (11th Cir. 1983); *accord, e.g.*, <u>McCullough v. Singletary</u>, 967 F.2d 530, 535 (11th Cir. 1992).  Moreover, even if exhausted as a federal claim, a review of the record supports the findings made by the state court and its conclusion that no general sentence was imposed.  During sentencing, after the testimony of witnesses , the prosecutor made the following statements:

> MR. WADE: Judge, I'll be brief.
>
>     As the Court is aware, this was an open plea to two second degree
>     felonies.  So the maximum sentence that could be imposed is 30 years if
>     the Court ran the two 15 year felonies consecutive.  Maximum sentence is
>     30 years.
>     The minimum sentence, as Counsel pointed out, on the possession
>     by convicted felon count, is three years by virtue of the fact that Mr.
>     McKinnon had the firearm in his actual physical possession in the course
>     of the felony – the other felonies that was committed.

> . . . .
>
> My recommendation to the Court is that he be sentenced to a period of 10 years in the Department of Corrections with a three year minimum mandatory component.

Doc. 17 Ex. J at 63-65. The judge sentenced McKinnon accordingly:

> Like I say, I think you are facing up to two 15 consecutives, could be 30 years in prison. Had you gone to trial and been convicted, the State very much might have asked for that. I don't know. I think it probably would have been more than the 10.
>
> But I think, from what I've heard here, and I'm basing a lot of this on the testimony of Ms. McKinnon. But I'm going to sentence you to ten years in the DOC with a minimum mandatory of 36 months. And on the misdemeanor, credit for time served, adjudicated guilty. You've got 30 days to appeal any illegal sentence I may have imposed. If you can't afford a lawyer, one will be appointed for you.
>
> MR. WADE: Judge, that's each count concurrent?
>
> THE COURT: Each count concurrent.

*Id.* at 67. The written judgment and sentence, consistent with the oral pronouncement, imposed three separate sentences. Doc. 17 Ex. K at 35-41.

Based on the foregoing, McKinnon has not shown the state courts' rulings rejecting this claim resulted in a decision that was either (1) contrary to, or involved an unreasonable application of, clearly established U.S. Supreme Court precedent, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(1)-(2). McKinnon is not entitled to federal habeas relief, and this ground should be denied.

### Ground 6: State Trial Court's Adjudication of Guilt Does Not Support Imposed Sentence

In this ground, McKinnon asserts the state trial court's adjudication of guilt does not support the imposed sentence, and the record reflects the court's judgment failed to expressly adjudicate him guilty of the charged crimes. Doc. 1 at 6. Respondent indicates McKinnon presented a similar claim to the state courts, solely as a matter of state law. Doc. 17 at 45-46.

As Respondent indicates, McKinnon raised the same or similar argument as the second ground in his amended Rule 3.800 motion. *See* Doc. 17 Ex. R at 14-16. The state trial court denied the claim, making the following findings:

> Defendant next alleges his sentences are illegal because the Court failed to expressly adjudicate Defendant guilty of two of the charged crimes, possession of firearm by convicted felon and shooting into or within building. While an oral in-court adjudication of guilty is desirable and customary, it is not essential to the validity of the judgment if there is a written judgment of guilty rendered by the judge in open court and subsequently filed and recorded. Ross v. State, 325 So. 2d 430, 431 (Fla. App. 1975). As shown by the record, such a written judgment was entered in Defendant's case. *Exh. 1*. Ground Two is denied.

Doc. 17 Ex. S at 22.

Again, as with Ground 5, McKinnon presented this only as a state law claim and thus any federal claim is not exhausted. Further, errors of state law do not warrant federal habeas relief. Moreover, even if exhausted as a federal claim, a review of the record supports the state court's findings. The written judgment specifically adjudicates McKinnon guilty of the crimes and imposes a sentence on each count. Doc. 17 Ex. J at 33, 35-36, 38. McKinnon has not shown the state courts' rulings rejecting this claim

resulted in a decision that was either (1) contrary to, or involved an unreasonable application of, clearly established U.S. Supreme Court precedent, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(1)-(2). This ground should be denied.

### Ground 7: Minimum Mandatory Sentence Illegal

In this ground, McKinnon asserts the trial judge entered a sentence of ten years with a minimum mandatory sentence for possession of a firearm by a convicted felon, and shooting into or within a building, and the sentence "is contrary to the statutory provision." Doc. 1 at 7. Respondent indicates McKinnon presented a similar claim to the state courts, solely as a matter of state law. Doc. 17 at 47-48.

As Respondent indicates, McKinnon raised this claim as the third ground in his amended Rule 3.800 motion. *See* Doc. 17 Ex. R at 16-18. The state trial court denied the claim, making the following findings:

> Finally, Defendant alleges his three-year mandatory minimum sentence is illegal because possession of a firearm by convicted felon and shooting into or within building are not enumerated offenses in the statute which requires mandatory minimums for possession of a firearm during certain felonies. This claim is without merit. Defendant's three-year mandatory minimum was imposed only on count 1, possession of firearm by convicted felon, and not for shooting into or within building. Exh. 1. Possession of firearm by convicted felon is an enumerated offense in sec. 775.087. § 775.087(2)(a)1.r., Fla. Stat. (2009). Ground Three is denied.

Doc. 17 Ex. S at 23.

Similar to Grounds 5 and 6, McKinnon presented this claim in the state courts only as a matter of state law, and thus any federal claim is not exhausted. Further, errors of state law do not warrant federal habeas relief. Moreover, even if exhausted as

a federal claim, a review of the record supports the state court's findings. The state court imposed the three-year minimum mandatory sentence only on Count 1, possession of a firearm by a convicted felon, in accordance with section 775.087(2), Florida Statutes. Doc. 17 Ex. K at 36, 39. *See id.* Ex. I at 7-8 (transcript of plea hearing during which court indicated three-year minimum mandatory would apply to Count 1 and McKinnon indicated he understood), Ex. J at 63, 67 (transcript of sentencing hearing during prosecutor indicated possession by convicted felon count, Count 1, had three-year minimum mandatory and during which court imposed sentence of ten years with minimum mandatory of three years).

McKinnon has not shown the state courts' rulings rejecting this claim resulted in a decision that was either (1) contrary to, or involved an unreasonable application of, clearly established U.S. Supreme Court precedent, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(1)-(2). This ground should be denied.

## Conclusion

Based on the foregoing, Petitioner McKinnon is not entitled to federal habeas relief. The § 2254 petition (Doc. 1) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing

required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** Petitioner McKinnon's § 2254 petition (Doc. 1). It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**. The Clerk shall substitute Michael D. Crews for Kenneth S. Tucker as Respondent.

**IN CHAMBERS** at Tallahassee, Florida, on June 16, 2014.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**